UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC - 2 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Rusty Donelson, )
)
      Plaintiff, )
)
v. ) Civil Action No. 19-3037 (UNA)
)
Ben Carson, Secretary of HUD, )
)
      Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a resident of Amarillo Texas, is a self-described "affordable housing advocate and case manager[.]" Compl. at 1. He has sued U.S. Secretary of Housing and Urban Development Ben Carson, claiming "that the proposed legislative bill 'Making Affordable Housing Work Act of 2018' proposes" a list of changes "without public hearings." Plaintiff strongly criticizes the City of Amarillo for its "hostile and adversarial relationship with its homeless population," and he claims that the HUD programs in Amarillo "are totally and completely incapable of being properly administered." Compl. at 2-3. Plaintiff claims repeatedly that he "is entitled to relief," but he does not specify any relief as to him. Instead, in addition to suggesting that public hearings be held on the proposed legislative changes, plaintiff seeks injunctive relief against the City of Amarillo with regard to its administration of the federal

1

housing laws. Specifically, plaintiff seeks an order that (1) "compel[s] HUD to sever and terminate its relationship with the City of Amarillo"; (2) "appoint[s] a special court master to oversee a seamless transition from the City of Amarillo Community Development Office to a federally administered 'public housing authority"; and (3) "instruct[s] HUD to provide adequate funding to the 'Housing First' agencies in Amarillo, Texas commensurate with the desperate needs of the discrete and insular minority constituting the [city's] homeless population." Compl. at 3.

The Constitution limits the jurisdiction of the federal courts to deciding actual "Cases" and "Controversies." U.S. Const. Art. III, § 2. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy" that "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Because standing "is an essential and unchanging part of the case-or-controversy requirement of Article III," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), "the defect of standing is a defect in subject matter jurisdiction," *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

To satisfy Article III standing, plaintiff must have at least "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 136 S. Ct. at 1547 (citations omitted). The injury must involve "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[.]" *Lujan*, 504 U.S. at 560 (citations, internal quotation marks, and internal alterations omitted). The plaintiff "must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants." *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Plaintiff has not established constitutional standing. He does not identify himself as homeless. More importantly, plaintiff has not alleged a concrete injury that he has suffered at the hands of the defendant. Despite plaintiff's best intentions, he is not a licensed attorney; therefore, he cannot prosecute the claims of other individuals in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 17 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Sols. LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) (noting that "an exhaustive search of the United States Code has failed to reveal any statutory authority for lay representation of another person or a non-person entity in federal court proceedings") (citations omitted)). Consequently, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: November 27, 2019

United States District Judge